**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 13) AND ORDER TO SHOW CAUSE RE JURISDICTION (DKT. 18)  JS-6

## I. Introduction

Dawn Hampton ("Plaintiff") brought this action in the San Bernardino County Superior Court where she named as defendants her employers Transfield Services America ("Transfield") [1] and Timec Company, Inc. ("Timec"), as well as one of her supervisors, Tammy Kronz ("Kronz") (collectively, "Defendants"). *Id.* Plaintiff's complaint advances nine causes of actions. Each is based on allegations of racial and gender discrimination and corresponding harassment by Defendants. *Id.* Defendants removed the action based on both diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. *Id.* Defendants contend that the Complaint presents a federal question because the allegations necessarily require the interpretation of a collective bargaining agreement. Therefore, they contend that the claims are preempted under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Id.* With respect to diversity jurisdiction, Defendants acknowledge that both Plaintiff and Kronz are citizens of California, but argue that there is complete diversity because Plaintiff fraudulently joined Kronz as a "sham" defendant. *Id.*

On June 26, 2014, Kronz filed a motion to dismiss the all claims in which she was a defendant. Dkt. 13. After the Scheduling Conference in this matter (Dkt. 18), the Court issued an Order to Show Cause re Jurisdiction. Dkt. 18. Plaintiff responded to the jurisdiction issues and opposed the motion to dismiss. Dkt. 20, 21. In conjunction with these filings, Plaintiff requested leave to file an amended complaint, and lodged a proposed version. Dkt. 22. Defendants also responded to the Order to Show Cause by addressing the jurisdiction issue in a reply in support of the motion to dismiss. Dkt. 24. A hearing was conducted on October 20, 2014 with respect to both the jurisdictional issues and the motion to dismiss. Both matters were then taken under submission. For the reasons set forth in this Order, there is no subject matter jurisdiction over this matter. Accordingly, it is REMANDED to the San Bernardino County Superior Court.

---

[1] In the Notice of Removal, Transfield Services America, Inc. stated that is its correct name, not "Transfield Services America," as used in the Complaint. Dkt. 1.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

**II.    Background**

    **A.    Factual Allegations**

Plaintiff is an African-American female. She began working for Transfield and Timec ("Employer") [2] in 1997. Compl., Dkt. 1, Ex. A ¶¶ 1-4, 20. Kronz supervised Plaintiff during a portion of her employment. *Id.* ¶ 5. Throughout her employment Plaintiff was a member of the United Steel Workers Union. *Id.* ¶ 21. Plaintiff alleges that, during her employment, "Employer engaged in a pattern of consistent and repetitive acts of illegal discrimination and harassment of Plaintiff." *Id.* ¶ 22. Plaintiff alleges that, "[a]mong the illegal acts of discrimination and harassment is that Employer regularly, unfairly and illegally interrupted Plaintiff's seniority and qualifications on account of her race and gender." *Id.* ¶ 23.

Plaintiff alleges that she was sexually harassed by a supervisor who showed her pictures of nude women on June 17, 2009. *Id.* ¶ 29. Plaintiff filed a grievance report with her union related to this incident. *Id.* ¶ 30. Plaintiff also filed grievance reports with her union in March and April 2010 stating that Employer "dispatch[es] workers who are younger than the Plaintiff in seniority and ability" and "has discriminated against workers because of their race. . . .This is a very hostile work environment." *Id.* ¶¶ 31-32.

Plaintiff filed another grievance in December 2010. There she claimed that "Employer denied Plaintiff higher positions and that Employer subjected Plaintiff to harsh language by supervisors. . . ." *Id.* ¶ 33. Plaintiff alleges that, as a result of her filing these grievances, "among other things," Employer retaliated against Plaintiff. Plaintiff provides several examples of this alleged retaliation, including receiving lower pay and positions on jobs, being treated differently than other workers, losing promotions and being terminated from employment. *Id.* ¶ 34. Thereafter, the Equal Employment Opportunity Commission ('EEOC") "became involved" in Plaintiff's charges of discrimination and harassment. *Id.* ¶ 35. On April 11, 2011, Plaintiff entered into a settlement agreement with Employer through the EEOC. *Id.* ¶¶ 35-36. The terms of the settlement included, among other things, that Employer would not discriminate or retaliate against Plaintiff for filing the charge with the EEOC. *Id.* ¶ 36. The settlement agreement also provided that it "may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement." *Id.* On the same day, Plaintiff agreed to release all grievances previously filed, and returned to work. *Id.* ¶ 37.

On October 29, 2011, Plaintiff alleges that Fernando Figueroa, who was among her supervisors, groped Plaintiff in a sexual manner. *Id.* ¶ 38. She also alleges that, Pam Ortega, another supervisor, subsequently "tried to get Plaintiff to quit by pressuring Plaintiff." *Id.* ¶ 39. On June 20, 2013, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination that had been occurring following her return to work in October 2011. *Id.* ¶ 40. Plaintiff alleged that, among other things, her seniority rights were not returned, she was not given the same opportunities for advancement or jobs as provided to other co-workers, including those with less seniority and that she threatened and reprimanded in public. *Id.* Plaintiff also alleged that she had been subjected to age discrimination since October 2011. Plaintiff alleges that Tamika Fisk, who is also a supervisor, stated that Plaintiff is "old"

---

[2] The Complaint refers to Transfield and Timec collectively as "Employer."  Dkt. 1, Exh. A ¶ 4.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | | Date | October 23, 2014 |
|---|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | | |

and that "she feels [Plaintiff] cannot keep up with production as a Lead [and that Ms. Fisk] would replace [Plaintiff]; and stating that [Ms. Fisk] didn't do things by seniority because the more senior are too lazy to perform." *Id.* ¶ 40.

The Complaint also alleges that Jorge Valencia, who is another supervisor, engaged in acts of racial discrimination and harassment towards Plaintiff. Valencia allegedly, "frequently, more than ten times," told Plaintiff that "Y'all people need to get it together." *Id.* ¶ 41. This allegedly is a reference to "Plaintiff as an African-American, and as part of a group of other African-Americans." *Id.*

The Complaint contends that Susan Moats and Kronz, each of whom supervised Plaintiff, are Caucasian females who, "frequently displayed racial discriminatory intent" toward Plaintiff and "manifested racial discrimination and harassment by saying that Employer 'can't get anyone to work with Dawn,' 'nobody feels comfortable with Dawn,' and 'nobody wants to work with Dawn.'" *Id.* ¶ 42. Plaintiff alleges that all of these statements were "thinly veiled, coded phrases displaying racial animosity and prejudice towards Plaintiff." *Id.*

The Complaint goes on to contend that Employer segregated workers by race, and created a hostile work environment in which the supervisors who were mostly Hispanic "openly and aggressively exhibit racial hostility to African-American workers." Among other things, the Complaint alleges that these supervisors favored Hispanic workers to African-American ones, by assigning the former to better paying and longer term positions. *Id.* ¶¶ 43-45.

The Complaint also presents allegations about Plaintiff's treatment in connection with the Employer's decision to terminate Ana Mendoza as an employee. Prior to her termination, Mendoza had made a claim that she had been sexually harassed by certain supervisors. *Id.* ¶¶ 63-64. Kronz and Felton allegedly tried to induce Plaintiff to sign a declaration that would have been helpful to Employer in responding to Mendoza's claims. *Id.* ¶ 71.  Kronz and Felton allegedly "prepared the declaration in the way Employer wanted, not the way Plaintiff wanted, and Employer did not include everything that Plaintiff wanted to say." *Id.* ¶ 71. Felton then demanded that Plaintiff sign the declaration although it did not include all of the facts that Plaintiff believed appropriate. *Id.* ¶ 72. Plaintiff signed the declaration. *Id.* ¶ 73. Three days later, Plaintiff was terminated. *Id.* ¶ 74. Plaintiff alleges that her termination was in retaliation for her "associating with and advocating on behalf of Ana Mendoza." *Id.* ¶ 74. Thus, Plaintiff alleges that Kronz terminated her because she "knew that Plaintiff would not lie about how Transfield treats their female employees in such a bad manner." *Id.* ¶ 77.

    **B.     Plaintiff's Complaint**

The Complaint in this action advances the following causes of action: (i) unlawful harassment on the basis of race, national origin, and/or ancestry pursuant to the Fair Employment and Housing Act, ("FEHA"), Cal. Gov't Code § 12940(j) (against all defendants); (ii) unlawful discrimination on the basis of race, national origin, and/or ancestry pursuant to FEHA, Cal. Gov't Code § 12940(a) (against all defendants); (iii) gender discrimination pursuant to FEHA, Cal. Gov't Code § 12940(a) (against all defendants); (iv) age discrimination pursuant to FEHA, Cal. Gov't Code § 12940(a) (against Employer); (v) unlawful harassment based on sex pursuant to FEHA, Cal. Gov't Code § 12940(j) (against Employer); (vi) failure to prevent discrimination and harassment pursuant to FEHA, Cal. Gov't Code §

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

12940(k) (against Employer); (vii) retaliation for opposing discrimination and harassment pursuant to FEHA, Cal. Gov't Code § 12940(h) (against Employer); (viii) breach of written contract (against Employer); and (ix) wrongful termination in violation of public policy (against Employer).

**III.   Analysis**

A federal court is one of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The party removing a case bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

    **A.   Federal Question Jurisdiction**

        1.   <u>In General</u>

Federal courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the federal question is apparent on the face of a plaintiff's well-pleaded complaint. *Id.* Although "[m]ost federal-question jurisdiction cases are those in which federal law creates a cause of action . . . [a] case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Wander v. Kraus*, 304 F.3d 856, 858 (9th Cir. 2002) (quoting *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)).

        2.   <u>Section 301 of the LMRA</u>

Section 301 of the LMRA provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983) (internal quotation marks omitted). Thus, a state law claim based on violation of a collective bargaining agreement is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987). Even if a plaintiff has not alleged breach of a collective bargaining agreement ("CBA"), LMRA preemption applies "if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

A two-step inquiry is used to determine whether § 301 preempts a state law claim. The first step is to determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1060. If the right arises solely from the CBA, then the claim is preempted. The second step of the analysis is applied if the claimed right does not arise from a CBA, but from another source. Under those circumstances, it must be determined "whether the right is substantially dependent upon an analysis of the CBA." *Id.* A claim whose prosecution requires only that a court "look to" a CBA, is not preempted; a claim that requires the interpretation of a CBA is preempted. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001); *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 748 (9th Cir. 1993) ("Causes of action that only "tangentially involv[e]" a provision of a collective-bargaining agreement are not preempted by section 301").

      3.      <u>Application</u>

Defendants argue that a resolution of Plaintiff's claims will require an interpretation of the CBA. Dkt. 1 ¶ 27. Thus, they contend that all of those claims are based on allegations that Employer did not properly follow seniority rules, "illegally interrupted Plaintiff's seniority and qualifications on account of her race and gender," and suffered retaliation for filing grievances with the union. *See* Dkt. 1, Exh. A ¶¶ 23-26, 34. Defendants argue that any role "seniority" plays in these alleged adverse employment actions is governed and controlled by the CBA as well as the history of its interpretation by Employer and the union. Dkt. 1 ¶ 27.

The first step in the jurisdiction inquiry under § 301 shows that all of Plaintiff's causes of action arise under California law, and not the CBA. Of the nine causes of action, seven arise under FEHA, one alleges a breach of the EEOC settlement agreement and the final one asserts a claim for termination in violation of public policy based on FEHA. *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 172 (1980).

Turning to the second step of the analysis, none of the claims is substantially dependent upon an analysis of the CBA. "In general, the Ninth Circuit has held that claims of discrimination under FEHA are not preempted by federal law." *Schempp v. Int'l Alliance of Theatrical Stage Employees, Local 16*, 2013 WL 132531 (N.D. Cal. Jan. 9, 2013)*; see Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 748 (9th Cir. 1993) ("In every case in which we have considered an action brought under [FEHA] we have held that it is not preempted...."). "[T]he rights conferred by [FEHA] are 'defined and enforced under state law without reference to the terms of *any* collective bargaining agreement.'" *Ramirez*, 998 F.2d at 748 (emphasis in original). "Thus, as a general matter, claims of retaliation or racial discrimination under FEHA . . . are not preempted simply because they involve a relationship that is governed by a labor contract." *Guidry v. Marine Engineers' Beneficial Ass'n,* 2007 WL 707511 (N.D. Cal. Mar. 6, 2007). The exception to this rule is narrow: "state-law claims are preempted only when the resolution of an allegation of discrimination *itself* hinges on the interpretation of a labor contract." *Id.*

In the Complaint, Plaintiff asserts rights, based on FEHA, to be free from employment discrimination and harassment based on her protected characteristics of race, age and gender. "[T]he rights conferred by [FEHA] are defined and enforced under state law without reference to the terms of *any* collective bargaining agreement." *Ramirez*, 998 F.2d at 748 (emphasis in original) (internal quotations omitted). To be sure, some of the allegations in the Complaint refer to Employer's failure to follow the seniority policy of the CBA in a non-discriminatory manner. However, "[w]hen the parties do not dispute the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

meaning of the CBA … the fact that it will be 'consulted in the course of state law litigation does not require preemption.'" *Ward v. Circus Circus Casinos, Inc.,* 473 F.3d 994, 998 (9th Cir. 2007) (citing *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 693 (9th Cir. 2001) (en banc)). This principle was explained in *Detabali v. St. Luke's Hosp.,* 482 F.3d 1199, 1203 (9th Cir. 2007). There, plaintiff's FEHA discrimination claims depended

> on whether she was legitimately terminated for refusing to work outside of her cluster. In order to make this determination, the court will have to refer to the cluster provision of the collective bargaining agreement. However, because there is no dispute over the meaning of any terms within the [collective bargaining] agreement, resolution of the central issue—whether [the defendant] discriminated against [the plaintiff] in applying the agreement—does not depend on interpretation of the collective bargaining agreement.

*Id.*

The Ninth Circuit added, "[w]e see no need to depart from a long line of our cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA." *Id.*. As the Supreme Court has explained, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished [under § 301]." *Livadas v. Bradshaw,* 512 U.S. 107, 124, (1994). *Accord Brown v. Brotman Med. Ctr., Inc.,* 571 F. App'x 572, 575 (9th Cir. 2014) ("[Defendant] argues that [Plaintiff]'s cause of action is preempted since it included an allegation that [Defendant] failed to follow the procedures for termination set forth in the CBA. [Plaintiff]'s claim, however, is that [Defendant] discriminatorily enforced the terms of the CBA; resolution of the claim will be based on [Defendant]'s motivations for applying the CBA rather than the meaning of the CBA's terms."); *Martinez v. Kaiser Found. Hospitals,* 2012 WL 2598165 (N.D. Cal. July 5, 2012) (no § 301 preemption of FEHA discrimination claim based on union's more favorable representation of its younger, non-disabled members because "the complaint asserts a claim of *differential treatment* with respect to those similarly situated; it is that treatment more than the meaning of the CBA that is the center of dispute").

These principles apply in this action. Although some reference to the seniority policy in the CBA may be necessary to determine whether it was applied in a discriminatory fashion, Employer has not shown an area of dispute as to how the CBA applies in this case. Thus, there is no evidence presented that, should the issue arise, there would be some dispute about the calculation of Plaintiff's seniority and that of other personnel. Instead, the core issue presented by the FEHA causes of action is whether Defendants applied the seniority rules in a discriminatory manner or as part of an effort to retaliate against Plaintiff. Because the resolution of the central issues in this action does not depend on interpretation of the CBA, Plaintiff's FEHA claims are not preempted under § 301.[3]

---

[3] Defendants rely on *Bachilla v. Pac. Bell Tel. Co.,* 2007 WL 2825924 (E.D. Cal. Sept. 25, 2007) for their contrary position. In *Bachilla*, the district court determined that "to the extent that Plaintiffs' [FEHA] discrimination claim is premised on Pacific Bell's promotion of less senior male coworkers in violation of its seniority policy, it is preempted. This is because resolution of this claim is substantially dependent on an analysis of the terms of the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

Similarly, Plaintiff's claim for wrongful termination in violation of public policy is not depended on the CBA. Instead, this claim is premised on California's public policy against discrimination in the workplace pursuant to FEHA. Cal Gov't Code § 12940. "There is little doubt that California has adopted a public policy against discrimination in the work place." *Jackson v. S. California Gas Co.,* 881 F.2d 638, 644 (9th Cir. 1989) (citing Cal Gov't Code § 12940). As discussed above, enforcement of state discrimination statutes does not require an interpretation of the CBA, and are not preempted by § 301 of the LMRA. *Id.* (no § 301 preemption for wrongful termination in violation of public policy against race discrimination); *see also Dauster v. Pak'N Save, Inc.,* 1995 WL 225704 (N.D. Cal. Mar. 21, 1995); *Trevino v. Kaiser Permanente Int'l,* 2013 WL 5325774 (C.D. Cal. Sept. 19, 2013.

Finally, Plaintiff's breach of contract claim is not depended on an interpretation of the CBA. This claim is based on the alleged breach of a settlement agreement reached between Plaintiff and Employer following the EEOC proceedings. Plaintiff brought claims of discrimination before the EEOC. These were independent of her grievances filed with the union. A determination of these claims depends on an analysis of the terms of this agreement, not the CBA. For § 301 preemption to apply, "resolution of the claim must be 'substantially dependent' upon interpreting a CBA." *Dall v. Albertson's, Inc.,* 234 F. App'x 446, 448 (9th Cir. 2007) (citing *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985)). The only portion of the settlement agreement that may raise an issue under the CBA is the provision that Plaintiff would "maintain her original seniority date of October 17, 1997." Dkt. 1, Exh. A at 44. But, there is no dispute as to how the CBA applies to this date. Indeed, the settlement agreement specifically states the seniority date. No reference to the CBA is needed. Thus, Plaintiff's breach of contract claim is not preempted under § 301.

    **B.**    **Diversity Jurisdiction**

        1.    <u>General Principles</u>

District courts have original jurisdiction over cases in which there is complete diversity of citizenship between the adverse parties. *See* 28 U.S.C. § 1332(a). Citizenship for diversity purposes requires that a party must be a citizen of the United States who is domiciled in a state. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled where he or she has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (quotations omitted).[4] A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).

---

CBA." Here, the resolution of Plaintiff's FEHA claims is not substantially dependent on that analysis of the terms of the CBA.

[4] Courts also consider certain factors to determine domicile including: current residence, voting registration and practices, location of property and bank accounts, location of family, membership in organizations, place of employment, driver's license and automobile registration and payment of taxes. *Lew*, 797 F.2d at 449-50.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

Plaintiff is a resident of California. Dkt. 1 ¶ 8. Timec is incorporated in Delaware and has its principal place of business in Texas. *Id.* ¶ 11. Transfield is also incorporated in Delaware and has its principal place of business in Texas. *Id.* ¶ 12. Kronz is a resident of California. *Id.* ¶ 13. Defendants assert that, because Kronz is a sham defendant, her California citizenship is irrelevant to determining whether there is complete diversity in this action. *Id.*

### 2. Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder "is a term of art," and it is present where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)). When a case has already been filed in a state court, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting *Macey v. Allstate Property & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). Defendants must be able "to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). "A defendant will be deemed fraudulently joined only if, 'after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor,' plaintiff could not recover against the non-diverse party." *Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).

### 3. Application

Defendants argue that, under the settled rules of California law, none of the claims in the original Complaint can impose liability on Kronz.

#### a) The Claims Raised in the Purported First Amended Complaint

Removal jurisdiction is determined on the basis of state court pleadings. "We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Therefore, the proposed FAC is not germane to the present analysis.

#### b) The Claims against Kronz Raised in the Complaint

##### (1) FEHA Discrimination Claims

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

Plaintiff brings two discrimination claims against Kronz under Cal. Gov't Code § 12940(a). The first alleges discrimination based on Plaintiff's race, national origin, or ancestry. The second alleges discrimination based on Plaintiff's gender. The California Supreme Court has held that "although the employer may be liable for unlawful discrimination [as defined by FEHA], individuals working for the employer, including supervisors, are not personally liable for that discrimination." *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162 (2008). Plaintiff concedes that the two discrimination claims against Kronz fail as a matter of law. Dkt. 21 at 5.

(2)   FEHA Harassment Claim

The Complaint includes a claim of racial harassment under FEHA against Kronz. Such harassment claims may be brought against individual defendants as well as the employer. "Subdivision (j), the subdivision prohibiting harassment, provides, 'An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee....' (Subd. (j)(3).) This is clear language imposing personal liability on all employees for their own harassing actions." *Jones,* 42 Cal. 4th at 1162.

To establish a prima facie case of a racially hostile work environment, a plaintiff must show that:

> (1) he was a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) the [defendant] is liable for the harassment.

*Thompson v. City Of Monrovia*, 186 Cal. App. 4th 860, 876 (2010). Harassment "may be verbal, physical, or visual and 'communicates an offensive message to the harassed employee.'" *Id.* (quoting (*Roby v. McKesson Corp.*, 47 Cal.4th 686, 706 (2009)). FEHA does not prohibit all forms of workplace harassment, but only harassment "because of" the following protected characteristics: "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status." Cal. Gov't Code § 12940(j).

The California Supreme Court has defined harassment as "conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 645-46, (1998) (quoting *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 62-63 (1996)). Furthermore, harassment "cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Thompson*, 186 Cal. App. 4th at 877 (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (1999)). "The law prohibiting harassment is violated when the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nazir v. United Airlines, Inc.,* 178 Cal. App. 4th 243, 263 (2009) (internal quotations omitted).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

The Complaint specifically alleges that Kronz "frequently displayed racial discriminatory intent" and "manifested racial discrimination and harassment by saying that Employer 'can't get anyone to work with Dawn,' 'nobody feels comfortable with Dawn,' and 'nobody wants to work with Dawn.'" Dkt. 1, Ex. A ¶ 42. The Complaint also alleges that these statements were "thinly veiled, coded phrases displaying racial animosity and prejudice towards Plaintiff." *Id.*

These allegations are sufficient to state a cause of action for racial harassment under FEHA in the Superior Court. To demonstrate fraudulent joinder, "the test is whether Plaintiff can state a claim *in state court.*" *Wong v. Michaels Stores, Inc.*, 2012 WL 718646, at *5-6 (E.D. Cal. Mar. 5, 2012) (emphasis in original) (citing *McCabe*, 811 F.2d at 1339). Thus, in analyzing fraudulent joinder, district courts "have refused to apply the *Twombly* and *Iqbal* standards to determine whether a defendant was fraudulently joined." *Id.; see Watson v. Gish*, 2011 U.S. Dist. LEXIS 58317 at *8 (N.D. Cal. May 31, 2011) (noting that in a post-*Twombly* decision, the Ninth Circuit adhered to the *McCabe* standard of fraudulent joinder without making any reference to *Twombly*) (citing *Tofighbakhsh v. Wells Fargo & Co.*, 2010 WL 2486412, at *3 (N.D. Cal. June 16, 2010) (rejecting contention that *Twombly* pleading standard is germane to fraudulent joinder analysis)). "Rather, courts employ the pre-*Twombly* 'no set of facts' standard of *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")." *Id.;* (citing *Black Donuts, Inc. v. Sumitomo Corp. of Am.*, 2010 U.S. Dist. LEXIS 30859 (C.D. Cal. Mar. 3, 2010) (internal quotations omitted)).

The allegations of the Complaint sufficiently demonstrate a "non-fanciful possibility" that Plaintiff can state a FEHA harassment claim against Kronz. *See Mireles,* 845 F. Supp. 2d at 1062. Plaintiff alleges that she was "frequently" harassed by Kronz on the basis of her race. The statements made by Kronz are outside the scope of Kronz's necessary job performance. As such, they would not be protected as personnel management decisions. Thus, they were not "necessary for performance of a supervisory job." *See Reno*, 18 Cal. 4th at 645-46; *see also Wong*, 2012 WL 718646, at *6 ("Clearly, racially motivated ridicule of an employee is not necessary to manage personnel nor is it within the scope of such duties."). Rather, Kronz's statements were verbal exchanges that "communicated an offensive message" to Plaintiff. *See Thompson*, 186 Cal. App. 4th at 876. That Kronz's actions "frequently" occurred demonstrates sufficient allegations of a repeated "pattern of harassment." *See Thompson*, 186 Cal. App. 4th at 877.

That the allegations are stated in a somewhat conclusory manner does not change the outcome or show that there has been a fraudulent joinder of Kronz. Thus, Defendants argue that the present allegations would make the Complaint subject to a demurrer in the Superior Court. *See* Cal. Code Civ. Proc. 430.10 (e) ("The party against whom a complaint …has been filed may object, by demurrer … on any one or more of the following grounds: … (e) The pleading does not state facts sufficient to constitute a cause of action.") But, even if the allegations as currently stated were subject to a general demurrer, this would not show fraudulent joinder of Kronz. The "fact that [a] complaint may be subject to a general demurrer . . . does not end the analysis." *Wong,* 2012 WL 718646, at *6. Instead, "in deciding fraudulent joinder, the defendant should be able "to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *see Wong*, 2012 WL 718646, at *6 (no fraudulent joinder even if subject to general demurrer

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01251 JAK (Ex) | Date | October 23, 2014 |
|---|---|---|---|
| Title | Dawn Hampton v. Transfield Services Americas, et al. | | |

because, "despite the pleading defect, if proven that [the alleged sham defendant]'s actions were racially motivated, he *could* be held liable under FEHA. Thus, Defendants have failed to prove that [the alleged sham defendant] cannot be held liable under any possible theory.").

The Complaint includes allegations sufficient to support the claim that Kronz harassed her in violation of FEHA. Thus, Defendants have not shown that Plaintiff can prove no set of facts sufficient to support this claim. Therefore, fraudulent joinder has not been established by Defendants.

**IV.      Conclusion**

For the foregoing reasons, there is no subject matter jurisdiction over this matter. Accordingly, the Motion to Dismiss cannot be addressed and the matter is REMANDED to the San Bernardino County Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak